IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEODITA V. TACAS,

          Plaintiff,                 No. CIV 09-2144 EFB

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.          <u>ORDER</u>

_____/

     Pending before the court is plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks fees based on 2.1 hours in 2009 at the rate of $172.24 per hour for attorney time, 24.05 hours in 2010 at the rate of $174.64 per hour, and 1.75 hours in 2011 at the rate of $174.64 per hour, for a total amount of $4,867.41.  Dckt. No. 25-2.  Defendant contends that (1) plaintiff is not entitled to EAJA fees since defendant's position was substantially justified, and (2) any EAJA fee award should be made payable to plaintiff and not to plaintiff's counsel.  Dckt. No. 26.  The court denies plaintiff's motion for fees because defendant's position was substantially justified.

     The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially

1

justified or that special circumstances make an award unjust directs the court to award a reasonable fee." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (finding that the government's position that a doctor the plaintiff had

2

1   visited five times over three years was not a treating doctor, while incorrect, was substantially

2   justified since a nonfrivolous argument could be made that the five visits over three years were

3   not enough under the regulatory standard especially given the severity and complexity of

4   plaintiff's alleged mental problems).

5          However, when the government violates its own regulations, fails to acknowledge settled

6   circuit case law, or fails to adequately develop the record, its position is not substantially

7   justified.  *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Charter*, 103 F.3d 918, 921-22 (9th

8   Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented

9   claimant and his mother in determining the onset date of disability, as well as his disregard of

10  substantial evidence establishing the same, and the Commissioner's defense of the ALJ's

11  actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995)

12  (finding no substantial justification where ALJ ignored medical report, both in posing questions

13  to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed

14  claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding

15  that the ALJ's failure to determine whether the claimant's testimony regarding the impact of

16  excess pain she suffered as a result of her medical problems was credible, and whether one of her

17  doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to

18  defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1

19  (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's

20  improper rejection of treating physician opinions without providing the basis in the record for so

21  doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov. 13, 2009) (finding no

22  substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper

23  reliance on the opinion of a non-examining State Agency physician that contradicted the clear

24  weight of the medical record, and improperly discrediting claimant's subjective complaints as

25  inconsistent with the medical record).

26  ////

This court granted plaintiff's motion for summary judgment in part.  The court found for defendant on the first issue–the ALJ's rejection of medical opinions–but found that the ALJ erred in accepting the Vocational Expert's testimony that plaintiff could perform jobs requiring language level and reasoning level two, even though plaintiff was illiterate in English and was therefore precluded from performing those jobs under the Dictionary of Occupational Titles definitions.  Dckt. No. 23 at 4-8, 9-10.

Although this court found that this was error, another district court presented with similar facts came to the opposite conclusion.  *See Meza v. Astrue*, 2011 WL 11499, *21 (N.D. Cal. January 4 2011).  In *Meza*, the court found that the ALJ properly relied upon the VE's testimony that the plaintiff could perform jobs with reasoning level two and language level one, even though the plaintiff was illiterate and did not speak English.  *Id.*  The court reasoned that plaintiff's illiteracy was fully addressed by the separate variable of the language requirement.  *Id.* As another district court has accepted the position that defendant advanced in this case, defendant's position had a reasonable basis in law and fact and was substantially justified.

Plaintiff argues that defendant violated its own regulations by denying plaintiff benefits on the grounds that she could perform a job with the reasoning level of two, despite her illiteracy.  But as *Meza* demonstrates, the regulations are susceptible to multiple interpretations. Although this court rejected defendant's interpretation of the regulations, that interpretation had a basis in fact and law.

Accordingly,  IT IS HEREBY ORDERED that plaintiff's motion for attorney fees is denied.

Dated:  November 29, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE